**CF ALLEN LAW PC**
Christopher F. Allen, Esq. (CBN: 321386)
civil@cfallenlaw.com
4355 Cobb Parkway SE, STE J269
Atlanta, GA 30339
Telephone: 213-291-9844

*Attorney for Plaintiff*,
LORENA ALVES

## UNITED STATES DISTRICT COURT
## FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| **Lorena Alves,** | **Case No.:** |
| Plaintiff, | **COMPLAINT FOR DAMAGES FOR VIOLATIONS OF:** |
| **v.** | |
| **Equifax Consumer Services, LLC, Experian Information Solutions, Inc., and Trans Union, LLC,** | **THE FAIR CREDIT REPORTING ACT, 15 U.S.C. §§ 1681, ET SEQ.** |
| Defendants. | **DEMAND FOR JURY TRIAL** |

## INTRODUCTION

1. COMES NOW the Plaintiff, Lorena Alves, who brings this Complaint against Defendants Equifax Information Services, LLC ("Equifax"), Experian Information Solutions, Inc. ("Experian"), and Trans Union, LLC ("Trans Union"), she alleges as follows:

2. This action is brought pursuant to the Federal Fair Credit Reporting Act (hereinafter "FCRA") 15 U.S.C. §1681 et seq.

PLAINTIFF'S COMPLAINT                                                      1

3. Unless otherwise indicated, the use of a Defendant's name in this Complaint includes all agents, principals, managing agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers of the Defendant named.

## THE FCRA

4. The FCRA was originally enacted in 1970. The express purpose of the FCRA was to require that consumer reporting agencies adopt and implement "reasonable procedures" for ensuring that credit information about a consumer was collected, maintained, and dispensed "in a matter which is fair and equitable to the consumer with regard to the confidentiality, accuracy, relevancy, and proper utilization of such information…" 15 U.S.C. § 1681(b); *Safeco Ins. Co. of Am. v. Burr,* 551 U.S. 47, 127 S.Ct. 2201, 2205 (2007). The Congressional findings noted that "[t]here is a need to ensure that consumer reporting agencies exercise their grave responsibilities with of fairness, impartiality, and respect for the consumer's right to privacy."

## JURISDICTION AND VENUE

5. This Court has jurisdiction pursuant to 28 U.S.C. § 1331, which grants this court original jurisdiction of all civil actions under the laws of the United States and 15 U.S.C. §1681p.

PLAINTIFF'S COMPLAINT                                           2

6. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) as Defendants conduct business in this district, communications, and a substantial part of the events or omissions giving rise to the claims herein occurred in this district.

## PARTIES

7. Plaintiff, Lorena Alves, is a "consumer" as defined by 15 U.S.C. §1681a(c). Plaintiff is a natural person who resides in the State of California.

8. Defendant Equifax Consumer Services, LLC (hereinafter "Equifax") is a "consumer reporting agency" as defined by 15 U.S.C. §1681a(f).

9. Defendant Equifax is an out of state limited liability company doing business at all relevant times in California, whose principal address is 1550 Peachtree St. N.W., Atlanta, GA, 30309, and may be served process by serving its registered agent for service of process, CSC- Lawyers Incorporating Service, 2710 Gateway Oaks Drive, Sacramento, CA, 95833, USA, which service is hereby requested.

10. Defendant Experian Information Solutions, Inc. (hereinafter "Experian") is a "consumer reporting agency" as defined by 15 U.S.C. §1681a(f).

11. Defendant Experian is an out of state corporation doing business at all relevant times in California, whose principal address is 475 Anton Blvd, Costa Mesa, CA, 92626, and may be served process by serving its registered agent for

service of process C T Corporation System, 330 N Brand Blvd, Glendale, CA, 91203, USA, which service is hereby requested.

12. Defendant Trans Union LLC (hereinafter "Trans Union") is a "consumer reporting agency" as defined by 15 U.S.C. §1681a(f).

13. Defendant Trans Union is an out of state limited liability company doing business at all relevant times in California, whose principal address is 555 West Adams St., Chicago, IL, 60661, and may be served process by serving its registered agent for service of process, CSC- Lawyers Incorporating Service, 2710 Gateway Oaks Drive, Sacramento, CA, 95833, USA, which service is hereby requested.

14. Defendants are collectively referred to as "consumer reporting agencies" or "CRAs".

15. This case involves Plaintiff's "consumer report" as that term is defined by 15 U.S.C. §1681a(d)(1).

## FACTUAL ALLEGATIONS

16. On or about April of 2019, Plaintiff obtained a credit card account with San Diego County Credit Union (hereinafter "SDCCU").

17. On a set and certain date each month, SDCCU furnishes information on Plaintiff's account to the CRAs.

18. Plaintiff has never been late paying on her account with SDCCU.

PLAINTIFF'S COMPLAINT                                                                 4

19. Beginning in August if 2024, SDCCU furnished inaccurate information to the CRAs regarding Plaintiff's payment for the payment due in July 2024.

20. Specifically, SDCCU reported that Plaintiff was 30 days late in July 2024.

21. SDCCU's reporting was inaccurate because Plaintiff did not have a payment due for the July 2024 cycle period.

22. By mistake, SDCCU assessed a fee on the account that should not have been assessed.

23. The mistaken fee was the false basis for SDCCU's erroneous reporting to the CRAs.

24. Plaintiff called SDCCU to complain about the erroneous reporting, and SDCCU agreed that there was no basis for the fee that she was falsely accused of not paying.

25. After agreeing with Plaintiff that she was not late in July of 2024, SDCCU continued to report to the CRAs that she was late for July 2024.

26. The CRAs were notified by Plaintiff that they were furnishing inaccurate credit reports through written disputes that were sent to them via the CFPB.

27. Despite this notice and knowledge, the CRAs did not correct their reports and continued to furnish inaccurate credit reports to third parties that requested Plaintiff's credit reports.

PLAINTIFF'S COMPLAINT                                                                5

28. Had the CRAs employed reasonable procedures to prepare an accurate credit report, the late payment notation in the SDCCU tradeline would have been precluded from appearing in Plaintiff's credit reports.

29. Likewise, if the CRAs had conducted a reasonable investigation of Plaintiff's dispute, then the CRAs would have removed the late payment notation and not included that inaccurate information in the credit reports that they furnished to third parties.

30. The CRA's inclusion of the inaccurate late payment notation in Plaintiff's credit reports disqualified her from certain opportunities.

31. Due to the late payment notation being patently inaccurate, Defendants eventually removed the late payment notation.

32. However, the correction occurred after they failed to reasonably investigate Plaintiff's dispute and after disseminating inaccurate reports to third parties.

33. Plaintiff has been emotionally distressed by the impact and worry or fear of the consequences of the CRAs' decision to include the late payment notation in her credit reports that were furnished to third parties evaluating her credit profile.

///

///

///

PLAINTIFF'S COMPLAINT                                                6

## CLAIMS FOR RELIEF

### *Count I: Violation of the FCRA 15 U.S.C. §1681e(b)*

34. Plaintiff re-alleges and incorporates all other factual allegations set forth herein.

35. Equifax, Experian, and Trans Union violated 15 U.S.C. §1681e(b) by failing to establish and/or follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit reports they published and maintained concerning Plaintiff.

36. As a result of Equifax, Experian, and Trans Union's violations of 15 U.S.C. §1681e(b), Plaintiff suffered actual damages, including but not limited to: loss of credit, damage to reputation, embarrassment, humiliation, and other mental and emotional distress.

37. The violations by Equifax, Experian, and Trans Union were willful, rendering them liable for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n.

38. Alternatively, they were negligent, entitling Plaintiff to recovery under 15 U.S.C. §1681o.

39. Plaintiff is entitled to recover actual damages, statutory damages, punitive damages, costs and attorney's fees from Equifax, Experian, and Trans Union

PLAINTIFF'S COMPLAINT                                                         7

in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n and §1681o.

### *Count II: Violation of the FCRA 15 U.S.C. §1681i(a)*

40. Plaintiff re-alleges and incorporates all other factual allegations set forth herein.

41. Equifax, Experian, and Trans Union violated 15 U.S.C. §1681i(a)(1) by failing to conduct a reasonable reinvestigation to determine whether the disputed information was inaccurate and record the current status or delete the disputed information from Plaintiff's credit files.

42. Equifax, Experian, and Trans Union each violated 15 U.S.C. §1681i(a)(4) by failing to review and consider all relevant information submitted by Plaintiff.

43. Equifax, Experian, and Trans Union each violated 15 U.S.C. §1681i(a)(5)(A) by failing to promptly delete the disputed inaccurate item of information from Plaintiff's credit files or modify the item of information upon a lawful reinvestigation.

44. As a result of Equifax, Experian, and Trans Union's violations of 15 U.S.C. §1681i(a), Plaintiff suffered actual damages, including but not limited to: loss of credit, damages to reputation, embarrassment, humiliation, and other mental and emotional distress.

PLAINTIFF'S COMPLAINT

45. The violations by Equifax, Experian, and Trans Union were willful, rendering them liable for punitive damages in the amount to be determined by the Court pursuant to 15 U.S.C. §1681n.

46. Alternatively, they were negligent, entitling Plaintiff to recovery under 15 U.S.C. §1681o.

47. Plaintiff is entitled to recover actual damages, statutory damages, punitive damages, costs, and attorney's fees from Equifax, Experian, and Trans Union in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n and §1681o.

### RIGHT TO AMEND

48. These allegations against CRAs are made acknowledging that this Complaint is still under Investigation and in Discovery. As further investigation and discovery are conducted, additional facts will surely be uncovered that may and probably will necessitate further, additional, and/or different allegations.

### PRAYER FOR RELIEF

49. WHEREFORE, Plaintiff respectfully requests judgment for actual, statutory, and punitive damages against CRAs; for her attorney fees and costs; for prejudgment and post-judgment interest; and any other relief deemed appropriate by this Court.

///

PLAINTIFF'S COMPLAINT                                                                 9

## DEMAND FOR JURY TRIAL

50. Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff demands trial by jury in this action of all issues so triable.

DATE: January 23, 2026

**CF ALLEN LAW PC**
By: */s/ Christopher F. Allen*
Christopher F. Allen, Esq.
*Attorney for Plaintiff*,
Lorena Alves